UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON
2009 JUN 24  A 10: 48

James B. Skelton,                          ) C/A No. 3:09-1429-MBS-RSC
                                           )
                    Plaintiff,             )
                                           )
vs.                                        )    Report and Recommendation
                                           )
Environmental Protection Agency; and       )
Lisa P. Jackson,                           )
                                           )
                    Defendants.            )
                                           )

---

This is a civil action filed *pro se*.  Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case.  The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review.  *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).  In the Complaint filed in this case, Plaintiff, a private citizen, sues the Environmental Protection Agency (EPA) and its Director, claiming that the existence of the EPA violates the Tenth Amendment to the United States Constitution.  He claims that only the states should be allowed to regulate businesses and industries within the state and that EPA's rules and regulations negatively impact the economy.  He does not allege that he, personally, suffers or suffered any kind of particularized injury because of the existence of the EPA or due to the operation of any EPA rule or regulation.  He asks this Court to declare the EPA "unconstitution" and to order that the agency may only be found constitutional if "the people" vote for it to exist.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller*

v. *Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1]  Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case should be summarily dismissed without the issuance of process because Plaintiff has not demonstrated – and cannot demonstrate – standing to make the Tenth Amendment-violation claim he raises. "The requirement of standing . . . has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Allen v. Wright*, 468 U.S. 737, 751 (1984).  The Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997).  Standing is a strict jurisdictional requirement, rigorously enforced when the court must decide if the government's actions are unconstitutional.  *Id.* at 819-20.  As stated above Plaintiff failed to allege any "particularized injury" to himself caused by EPA and/or its Director; therefore, he

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the  Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

has no standing to sue Defendants. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *McCall v. Dretke*, 390 F.3d 358, 361-62 (5th Cir. 2004)(habeas case). Also, the law is settled that only states have standing to pursue claims alleging violations of the Tenth Amendment by the federal government. *Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 144, 59 S.Ct. 366, 83 L.Ed. 543 (1939); *see also Brooklyn Legal Servs. Corp. B v. Legal Servs. Corp.*, 462 F.3d 219, 234 (2d Cir. 2006); *Medeiros v. Vincent*, 431 F. 3d 25, 35-36 (1st Cir. 2005). Accordingly, even if Plaintiff had claimed a personal injury caused by the existence of the EPA, he still would not be able to show that he has standing to claim the injury resulted from a Tenth Amendment violation.

Finally, to the extent that the Complaint may be liberally construed as seeking to raise claims for Tenth Amendment violations and/or other injuries on behalf of other persons, businesses, and/or the economy in general, it is subject to summary dismissal because the *pro se* Plaintiff lacks standing to sue on behalf of other entities or individuals. *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant). *See Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a *pro se* litigant cannot

act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(same); *McNeil v. Guthrie*, 945 F.2d 1163, 1164 (10th Cir. 1991).  It is settled that *pro se* litigants, such as Plaintiff, have no standing to bring suit on behalf of other persons or entities.  *See Estate of Kerner v. U. S.*, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990).  In the *Kerner* case, the court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'"  For example, it is well settled that a *pro se* litigant may not represent a minor in a civil action.  *See*, *e.g.*, *Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 60-61 (2d Cir. 1990).  "A non-attorney parent must be represented by counsel when bringing an action on behalf of a child."  *Knox ex rel. Chambers v. Hayward Unified School Dist.*, 1995 WL 364156 (N.D. Cal., June 1, 1995)(collecting cases).  Similar case law applies to suits purportedly brought by individual *pro se* litigants on behalf of corporations, partnerships, unincorporated associations, or estates.  *See, e.g.*, *First Hartford Corp. Pension Plan & Trust v. U.S.*, 194 F.3d 1279, 1290 (Fed. Cir. 1999)(*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2d Cir. 1997)(*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child").  The *Pridgen* court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court."  *Id*.  Also, the District Court for the

Southern District of New York has stated:

> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 . . . prohibit a non-attorney individual from representing a corporation in the federal courts.
>
>                               . . . .
>
> Under the weight of this authority, Batac quite plainly cannot represent the interests of the plaintiff in this Court, even though he is the corporation's sole shareholder. This consequence might puzzle Batac who undoubtedly believes that he can fairly and effectively advance the interests of his company in this litigation. But sound reasons exist for this rule. The interests of a corporation and its principal frequently overlap but are not identical in all respects. Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests. Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include
>
>> principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities[.]

*Batac Dev. Corp. v. B & R Consultants*, Inc., 2000 WL at 307400 at *1-*2 (quoting from *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (internal citations omitted); *see also Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326-27 (E.D. N. Y. 1998)("A corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").

## RECOMMENDATION

Based on the authority cited and discussed above, this case is frivolous. Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

June **24**, 2009
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).